Tilghman 0. J.
Two points have been made in this case. 1, "Whether an officer can support an action for his fees due in a suit which is depending. 2. Whether a justice of peace has jurisdiction in a case of officer’s fees.
1. Fees are given to the prothonotary by act of assembly; but the act does not say at what time these fees shall be payable. Were this case to be determined by the principles of the common law of England, the fees would be payable as soon as the services are performed. But in construing the act of assembly, we must take into consideration the custom of our own country, or rather the custom of the country has fixed the construction of the act of assembly. It is admitted, that the practice time out of mind has been, not to pay the fees until the suit is determined, except certain writs which are paid for at the time they are issued. This being the case, it may be fairly said, that the officer performs the services, under an implied contract to receive payment at the end of the suit. I am of opinion therefore that he is not entitled to recover, pending the action.
2. The second point depends on the act of assembly ^giving jurisdiction to justices of the peace. They have jurisdiction in all cases of contract express or implied (with certain exceptions in which the present case is not comprised) where the demand does not exceed one hundred dollars. This is undoubtedly a case of implied contract. Where a statute gives fees, the law implies a promise to pay by the person for whom the service is performed. It is said, that it will be extremely inconvenient if justices of peace are permitted to judge of fees in suits before the superior courts. Suppose it to be so, it is not in our power to remove the inconvenience. The question is, have the justices jurisdiction in this case? If they have, the legislature who gave it can alone take it away. I must confess however that if the justices are competent to decide on the whole range of contracts, I do not see why they should not be able to decide on a bill of costs. The record shows the services performed, and the act of assembly regulates the fees. If either party is dissatisfied with the judgment of the justice, an appeal lies as in other cases. I am therefore of opinion,- that there is nothing in the subject of this suit, of which the justice had not jurisdiction. But inasmuch as the suit in which the fees accrued, is still depending, the *156 action cannot be supported. The judgment of the Court of Common Pleas must therefore be affirmed.
Yeates J.
The question for the opinion of the Court in this case, is whether indebitatus assumpsit will lie before a justice of the peace by an officer of the Court of Common Pleas, for his fees in a suit pending and undetermined in that court ?
It naturally resolves itself into two points. 1. Has a justice of the peace jurisdiction in any case of fees due for the transaction of business in a court of record ? 2. If he has, are those fees to be recoverable, when the original action is still depending in that court ?
1. The extent of the party’s demand determines in general, the jurisdiction. Under the act of 9th of April 1807, the jurisdiction of justices of the peace is extended to all contracts whether express or implied under one hundred dollars, with the exception of such cases wherein the title of lands may be brought into question, and actions brought on promises of marriage. Where one transacts business for another at *his instance, the law raises a promise to him for those services. In the case of officers, the act of assembly of 20th April 1795, fixes their respective fees; and by the second section of that act they are required to set up fair tables of their fees respectively in some conspicuous part of their offices, for the inspection of all persons who have business therein.
It has been urged that it would be a strange incongruity-in a justice of the peace enforcing what a court of record could and would do, as to the payment of officers’ fees ;—that he might act in contradiction to the decision of such court as to costs, and that all uniformity of taxation of costs would be destroyed by such exercise of power by persons unacquainted with the subject.
Admitting for argument’s sake, the power of the courts to enforce the payment of fees in all proper cases, I do not see the force of the observation, that it would be improper to allow a concurrent jurisdiction to the justices of the peace in certain instances. One court may in fact effectuate the judgment of another court, by an action of debt founded on such judgment, though the tribunal in which the suit was first instituted might have issued execution thereon. So far costs where a plaintiff has been nonprossed. I am not disposed to limit the powers of a court of record in question respecting costs ; but it will not be asserted, that where the demand is under one hundred dollars, the party could recover costs in *157 a court of record in a suit founded on original writ. The costs of suit are generally levied by an execution founded on the judgment, and in some instances the payment has been enforced by attachment, under the inherent powers of the court; as in the case of an agent conducting an ejectment and failing therein, where the lessor of the plaintiff did not reside within the state. Certain it is that courts of record do not usually interpose summarily by making interlocutory orders for payment of costs, and it would be highly inconvenient that their time should be so occupied unless where the question comes regularly before them. It is equally certain, that in more counties than one, prothonotaries have recovered their costs before a justice of the peace, though not in contravention of the court's decision. The third section of the act of 20th April 1795 obliges the officer to regulate his *fees agreeably to the provisions of that law; and by the fourth section any person may refuse payment of fees to any officer, who will not make out a bill of. particulars signed by him if required. If the party against whom the suit is brought before the justice, should dispute the amount of the demand, or if the justice should distrust his own knowledge, as to the correctness of the items charged, application may be made to the proper officer of the court to tax the bill. If he should be the plaintiff in the suit, the court would tax it themselves, and thus preserve uniformity of taxation. I see no ground therefore to doubt the general jurisdiction of the justice of the peace as to costs; and that the proper form of action would be indebitatus assumpsit.
2. The usages of the Euglish courts differ materially from our own in many instances, and in none more than as to the payment of official fees. In England costs are analysed, part of them are supposed to be the plaintiff’s, and other part the defendant’s. The attorneys on either side are charged with the different rules which they take, if they do not pay for them immediately ; and these advances for which they make out their bills to their clients, are repaid, if the cause eventuates favorably to the party in advance. Every service performed in the action is paid for by the attorney, at whose instance the act is done, in every stage of the suit, or he is charged therewith. But no such distinction or mode of payment of costs has ever prevailed in Pennsylvania. I have always considered it to be the general understanding of the courts and counsel, that a plaintiff who instituted his suit was generally liable to the officers for their fees in case they could not be procured from the defendant, as in the case of *158 an action marked “ not to be brought forward,” where it was not brought upon the docket again in the course of one year; or where judgment had been obtained against a defendant, who had been discharged under the acts of insolvency. Eor some services, the prothonotary usually received immediate payment, as for original writs, writs of removal, subpoenas, searches by the parties, copies of papers in the cause, and rules of court; so also for executions during that period of the revolutionary war, wherein a certain tax for the use of the state was laid on such But for other services, such as the entry of oyer and special imparlances; ^filing declarations, entries of pleas, replications and issues, any rules in the cause, continuances, venires, swearing the jury, bailiff, &e., the costs were considered as abiding the determination of the action. This has been the general if not the uniform mode of prothonotaries conducting their business in Pennsylvania both before and since the American revolution; and every person commissioned as such public officer, must be supposed to receive it, subject to the discharge of such duties as have been performed by his predecessors. I am well aware and lament that many public officers go unpaid for their services in a variety of cases; but the rule must apply qui sentit eommodum, sentire debet et onus. Should the hardship in such cases be supposed to merit legislative interference, a law only can remedy the evil. But should the present claim be established, the necessary consequence would be, that the whole course of the practice would be altered and deranged. The suitor would be bound to pay as he went on, or be be liable to a warrant from a magistrate. Whatever might be my feelings as to public officers discharging their duty with fidelity, and remaining unsatisfied for their services, I cannot bring my mind to assent to the important change contended for by the plaintiffs in error, nor can I conceive, that we have the power of introducing such an alteration in what may be styled the common law of Pennsylvania on this point.
I am therefore of opinion, that the testator’s fees were not recoverable from the defendant in error, while the cause was depending in the Court of Common Pleas of Cumberland county, and that the judgment of that court should be affirmed.
Brackekrid&e J. concurred.
Judgment affirmed.
[Cited in 1 S. & R. 509 ; 9 id. 389; 10 id. 376 ; 11 id. 248 ; 13 id. 102; 16 id. 156; 4 W. 339; 10 Barr, 234; 6 Phila. 120.]